Frank D. Mylar (5116)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
Fax: (801) 858-0701
Mylar-Law@comcast.net

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PORTIA LOUDER,<br><br>Plaintiff,<br><br>v.<br><br>DAVIS COUNTY SHERIFF'S OFFICE and WEBER COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**<br><br>Case No. 1:15-CV-158-DN<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

Defendants, through their attorney Frank D. Mylar, respectfully submit this Motion for Summary Judgment and Memorandum in Support pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants' motion should be granted based upon the pleadings, affidavits, exhibits, and the following arguments:

## **INTRODUCTION**

Plaintiff was a federal prisoner being held by Davis County and then by Weber County under contract with the U.S. Marshall's service while awaiting trial. Plaintiff alleges a violation of her rights under the *Fifth Amendment* to the United States Constitution. However, because she names a political subdivision of the State of Utah, her protection would derive from the *Fourteenth*

*Amendment's* due process clause. Even under the Fourteenth Amendment standard, Ms. Louder does not have a viable claim against these two counties.

Ms. Louder was held in the Davis County Jail from April 22, 2014 through April 29, 2014 and then the Weber County Jail from May 1, 2014 through May 14, 2014.  During her time in both jails she continually exhibited erratic behavior, ignored commands, refused to put on clothing, repeatedly stuffed clothing and blankets into the sink and the toilet flooding her cell, damaged County property, and was generally uncooperative.  (See Exhibit 3, Bates Nos. 74-101, 106-110, 112-114, 116-118, 123-124, 126-127, 137-142, 147-152, 155, 157-183).

During this time, she was seen by medical and mental health providers regularly and provided her prescribed medications, yet refused to take anti-psychotic medications.  See Exhibit 3, Bates No. 195.  At all relevant times, both Davis and Weber County personnel took actions to maintain security, order, and the safety of Ms. Louder and other inmates.  There is no evidence that Davis or Weber County personnel ever ignored her medical or mental health needs, or failed to provide care.

When her behavior made it necessary to use force of any kind, the force used was solely for the purpose of maintaining order, or safely moving Ms. Louder to a different cell.  Force was only used when Ms. Louder refused to comply with the reasonable commands of deputies.  (See Exhibit 3, Bates Nos. 74-82, 157-183).  Significantly, the use of force never resulted in any physical injury to Ms. Louder and she was always examined by medical personnel to make certain that she was not harmed.  (See Exhibit 3, Bates Nos. 74, 76, 77, 80, 82, 88, 89, 108, 117).  However, aside from all of this, Plaintiff has not alleged, and cannot now show, that a final county policymaker acted with deliberate indifference by implementing policy or training that directly

caused her to be deprived of a constitutional right. In addition, Plaintiff failed to exhaust her administrative remedies under the PLRA, requiring dismissal of all claims.

## RELIEF SOUGHT AND SPECIFIC GROUNDS

The Davis and Weber County Defendants seek dismissal of all claims against them under *42 U.S.C. § 1983*. The specific grounds for relief are as follows:

1. Plaintiff's claims should be dismissed because she failed to exhaust her administrative remedies as required by the *Prison Litigation Reform Act*, 42 U.S.C. § 1997(e)(a).

2. Plaintiff's claims should be dismissed because she has failed to name a party which can be sued under 42 U.S.C. § 1983 in naming a sub-division of the counties;

3. Plaintiff's claims should be dismissed because she failed to alleged and prove that an employee with final policymaking authority acted with deliberate indifference in implementing an unconstitutional policy that directly caused he constitutional injury and Plaintiff fails to name a single individual who violated her constitutional rights.

4. Plaintiff's allegations should be dismissed because, they are pled under the *Fifth Amendment* which does not apply to states and their political subdivisions.

## STATEMENT OF ELEMENTS AND UNDISPUTED MATERIAL FACTS

**I.    Compliance with the Prison Litigation Reform Act:**

*Elements*

The Prison Litigation Reform Act states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   This exhaustion requirement is mandatory for all prisoner

cases challenging the conditions of confinement "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussel*, 534 U.S. 516, 532 (2002).

*Statement of Facts*

1. Ms. Louder was incarcerated in the Davis County Jail from April 22, 2014 through April 29, 2014 and then the Weber County Jail from May 1, 2014 through May 14, 2014.

2. Both Davis and Weber County Jails have clearly defined grievance procedures that are readily available to inmates. (Affidavit of Sheriff Todd Richardson ¶ 16, and Exhibit 2, Davis County Jail Grievance Procedure, Bates Nos. 48 – 50; Affidavit of Sheriff Terry Thompson ¶ 16, and Exhibit 4, Weber County Correctional Facility – Inmate Grievances, Bates Nos. 211 - 229).

3. Plaintiff never filed grievances with either jail regarding any of the allegations that she has made in her Complaint. (Richardson Aff., ¶ 17; Thompson Aff., ¶ 17).

4. Plaintiff was a prisoner when this suit was filed in California, serving a federal sentence. (Complaint ¶ 5, Doc. No. 2 at 2).

II.  **Fifth Amendment liability:**

*Elements*

The Fifth Amendment "acts as a limit on federal governmental action only." *Wardle v. Ute Indian Tribe*, 623 F.2d 670, 673 (10th Cir. 1980).

*Statement of Facts*

5. Plaintiff alleges that her Fifth Amendment rights were violated. (Complaint ¶¶ 20-28, Doc. No. 2 at 5).

4

6. Plaintiff alleges Defendants Davis County Sheriff's Office and Weber County Sheriff's Office are governmental entities of the State of Utah. (Complaint ¶¶ 7-8, Doc. No. 2 at 2).

## III. Sherriff's Offices are not independent legal entities:

*Elements*

"Sheriff's departments and police departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). The Tenth Circuit Court of Appeals found that the City of Denver Police Department was not a separate suable entity. Martinez v. Winder, 771 F.2d 424, 444 (10th Cir. 1985). In addition, this Court has stated unequivocally, "subdivisions of counties, such as police departments and sheriffs' offices, are not 'persons' subject to suit under § 1983." Burbank v. United States Dist. Court, 2006 U.S. Dist. LEXIS 33086 (D. Utah 2006).

*Statement of Facts*

7. Plaintiff alleges Defendants Davis County Sheriff's Office and Weber County Sheriff's Office are governmental entities of the State of Utah. (Complaint ¶¶ 7-8, Doc. No. 2 at 2).

## IV. Governmental entity liability under 42 U.S.C. § 1983:

*Elements*

Before this Court can find either County liable under 42 U.S.C. § 1983, Plaintiff must show an "underlying constitutional violation" by at least one County employee. Hinton v. City of Elwood, 997 F.2d 774, 782 (10th Cir. 1993). See also City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). If and only if Plaintiff meets that burden, she then must demonstrate the following

elements: (1) a constitutionally defective official County policy or custom, (2) that the final policymaker who implemented the policy or custom acted with "deliberate indifference" to the constitutional rights of the plaintiff, and (3) that the policy or custom "directly caused" and was the "moving force" behind an underlying constitutional violation that caused the constitutional harm. See generally, *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997).

Only officials who have "final policymaking authority" may be subject to § 1983 supervisory liability. *Pembaur v. Cincinnati*, 475 U.S. 469, 482-483 (1986). Persistent practices may amount to policy within a municipality, but they must be "so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). In very limited circumstances a failure to train can give rise to a § 1983 claim. *Id.* at 61. However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id*. This failure to train must at least amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Id.* (internal citations and quotations omitted). "Without notice that a course of training is deficient in a particular respect, decision makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* at 62.

*Statement of Facts*

8. The Davis and Weber County Sheriffs are the final policymakers for their respective Sheriff's Offices of their counties over their Jails.

9. The policy at both the Davis and Weber County Jails has been to treat all prisoners with dignity and to only apply the force that is necessary in a given situation. All inmates, male and female, are given clothes that are to be worn at all times. There has never been a policy or

practice to deprive inmates of all clothing. In fact all inmates are expected to be appropriately covered in their clothes to promote modesty and reduce conflict in the Jail environment. It was also the policy and practice to provide medical care and medication as needed and as provided and prescribed by a medical doctor that oversees all prisoners. (Affidavits of Richardson ¶ 6 and Thompson ¶ 6).

10.     Neither Davis nor Weber County Sheriffs ever met Portia Louder nor did they possess any knowledge about her care or treatment when she was incarcerated in the Davis and Weber County Jails during the timeframe alleged in the complaint. (Affidavits of Richardson, ¶ 7 and Thompson, ¶ 7).

## ARGUMENT

Plaintiff fails to state any substantive facts that could remotely support liability against Davis County.  She was there less than two weeks and no claims are made against a single employee of Davis County.  For this reason, all claims against Davis County must be dismissed.

Ms. Louder claims she was victimized during her incarceration in Weber County. However, it appears she was a victim of her own actions which created a threat to the safety of herself and others, and a threat to order in the facility.  However, Plaintiff must first alleged an underlying constitutional violation by some employee of either Weber or Davis County and she has failed to do this.  But even if she had, she cannot show that the County would liable for any wrongful conduct of subordinate officers.

Summary judgment is appropriate when a party shows that "there is no genuine dispute as to any material fact" and that party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When a motion for summary judgment is properly supported, Rule 56(e) of the Federal

7

Rules of Civil Procedure requires the opposing party to submit affidavits and admissible evidence showing a dispute of material fact on every essential element of a plaintiff's claim upon which she will bear the burden at trial. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). When the defendant points out an absence of proof on an essential element of the plaintiff's case, the burden shifts to the plaintiff to submit admissible evidence that will create a question of fact. *Id. at 322-323*. Plaintiff cannot show a disputed issue of genuine fact with admissible evidence on her claims against the Davis or Weber County Defendants. Therefore, Davis and Weber Counties' Motion for Summary Judgment should be granted.

I. **Plaintiff cannot recover under the Fifth Amendment.**

Plaintiff brings her claims exclusively under a theory of a Fifth Amendment violation. (*See generally* Plaintiff's Complaint). However, the Fifth Amendment "acts as a limit on federal governmental action only." *Wardle v. Ute Indian Tribe*, 623 F.2d 670, 673 (10th Cir. 1980). The Fourteenth Amendment, and not the Fifth Amendment is the proper constitutional amendment which regulates action by state actors. In this case, both Weber County and Davis County are subdivisions of the state of Utah, and the Fifth Amendment does not apply to either of their alleged actions. Plaintiff's Complaint should be dismissed for this reason alone.

II. **Davis County Sheriff's Office and Weber County Sheriff's Office are not legal entities that are subject to suit.**

Plaintiff names as defendants the Davis County Sheriff's Office and the Weber County Sheriff's Office. "Sheriff's departments and police departments are not usually considered legal entities subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The Tenth Circuit Court of Appeals found that the City of Denver Police Department was not a separate suable entity. *Martinez v. Winder*, 771 F.2d 424, 444 (10th Cir. 1985). In addition, this Court has stated

unequivocally, "subdivisions of counties, such as police departments and sheriffs' offices, are not 'persons' subject to suit under § 1983." *Burbank v. United States Dist. Court*, 2006 U.S. Dist. LEXIS 33086 (D. Utah 2006).

Utah state law determines whether an entity is capable of being sued. *Dean*, 951 F.2d at 1214. Plaintiff provides no support that would suggest that the Davis and Weber County Sheriff's Departments have the capacity to sue or be sued under Utah law. While there are provisions of Utah law making clear that cities and counties can sue and be sued. *See* Utah Code Ann. § 10-1-202 (2016) and Utah Code Ann. § 17-50-302(2)(a)(i) (2016). There is no such authority that would support the notion that the Sheriff's Department may be sued under Utah law and they, therefore, must be dismissed.

This conclusion is supported by the Governmental Immunity Act of Utah. The Act "governs all claims against Governmental Entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority." Utah Code Ann. § 63G-7-101(2)(b). "'Governmental Entity' means the state and its political subdivisions as both are defined in this section." Utah Code Ann. § 63G-7-102(4). "'State' means the state of Utah, and includes each office, department, division, agency, authority, commission, board, institution, hospital, college, university, Children's Justice Center, or other instrumentality of the state." Utah Code Ann. §63G-7-102(10). It is very telling that the definition of "Political Subdivision" includes "any county" but does not include a department within a county. Utah Code Ann. §63G-7-102(8).

Neither the Davis County Sheriff's Office nor the Weber County Sheriff's Office are entities separate and apart from their respective counties and, therefore, cannot be sued directly.

Since, Plaintiff has failed to sue any entity or individual that is subject to suit her Complaint should be dismissed.

**III.     Plaintiff's claims against Davis County and Weber County should be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act.**

The Prison Litigation Reform Act of 1995 ("PLRA") directs: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a). The United States Supreme Court has held this "exhaustion" requirement is mandatory even when a prisoner is seeking a remedy, such as money damages, that would not be available under a facility grievance procedure. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Furthermore, the Court held that this mandatory exhaustion requirement applied both to general conditions of confinement and particular episodes of alleged unconstitutional conduct regardless of whether the complaint alleges excessive force or some other wrong. *Id.* at 532. Following the lead of the Supreme Court in *Porter v. Nussle,* the Tenth Circuit Court of Appeals held that the fact of exhaustion must be specifically pled, and the Plaintiff "must attach a copy of the applicable administrative dispositions to the complaint." *Norton v. City of Marrieta*, 432 F.3d 1145, 1150 (10th Cir. 2005) *(citing Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003)).

In this case, both the Davis and the Weber County Jails have suitable grievance policies and procedures. Plaintiff never filed any type of grievance regarding the allegations in her complaint. Because she failed to utilize any of her administrative remedies, Plaintiff's claims

10

against both Davis County and Weber County must be dismissed for failure to exhaust administrative remedies as required by the PLRA under 42 U.S.C. § 1997e(a).

### IV.     Plaintiff cannot show government entity liability.

Plaintiff purports to sue two governmental entities, yet she fails to even alleged in her complaint any of the requirements for doing so under Section 1983. Plaintiff must first allege an underlying constitutional violation by at least one county employee to show entity liability. *See Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993). *See also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Plaintiff fails to identify or allege any actions or facts against any employee of either Davis or Weber Counties and for this reason alone, her complaint must be dismissed. However, even if she had alleged that her constitutional rights were violated by a Jail Deputy or corrections officer, she would still have several other requirements before she could succeed in her Section 1983 claims against the counties.

A governmental entity under 42 U.S.C. § 1983 may only be liable "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person to be subjected to such deprivation. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (*citing Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978)). "But, under *§ 1983,* local governments are responsible only for 'their own illegal acts.' They are not vicariously liable under *§ 1983* for their employees' actions." *Id*. (internal citations omitted). A plaintiff must prove that "action pursuant to official municipal policy" caused their injury. *Id.* "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id*.    Thus, Plaintiff must show (1) a Constitutionally defective policy or custom, (2) that the final policymaker who implemented the

policy or custom acted with "deliberate indifference" to the constitutional rights of the plaintiff and (3) that the policy or custom "directly caused" and was the "moving force" behind an underlying constitutional violation that caused constitutional harm to the plaintiff. *See generally* [Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397 (1997)](#).

Further, "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor [in this case the Sheriff as the final policymaker for the jail] disregarded a known or obvious consequence of his action." [Id. at 410](#). "That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably. [Id. at 406-07](#).

Since Davis and Weber Counties are governmental entities, that can only act through their final policymakers (*See* [Milligan-Hitt v. Bd. of Trs. of Sheridan Cty. Sch. Dist. No. 2, 523 F.3d 1219 (10th Cir. 2008))](#), liability under 42 U.S.C. § 1983 is far more difficult to prove. Even if disputes of material facts exist as to whether a correctional officer violated Plaintiff's civil rights, Plaintiff still cannot meet the other burdensome requirements for county liability. "A [county] may not be held liable under 42 U.S.C. § 1983 simply because it employs a person who violated a plaintiff's federally protected rights." [Jenkins v. Wood, 81 F.3d 988, 993 (10th Cir. 1996)](#) (*quoting* [Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978)](#)).

Only officials who have "final policymaking authority" may be subject to § 1983 supervisory liability. [Pembaur v. Cincinnati, 475 U.S. 469, 482-483 (1986)](#). Persistent practices may amount to policy within a municipality, but they must be "so persistent and widespread as to practically have the force of law." [Connick v. Thompson, 563 U.S. 51, 60 (2011)](#). In limited

circumstances a failure to train can give rise to a § 1983 claim. *Id.* at 61. However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id*. This failure to train must at least amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Id*. (internal citations and quotations omitted). "Without notice that a course of training is deficient in a particular respect, decision makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id*. at 62.

Plaintiff fails to identify a county policy or name a single employee of Davis or Weber Counties who acted with deliberate indifference as a final policymaker for the county and implemented an official policy that directly caused Plaintiff to suffer a constitutional violation. Further, the Sheriffs and by extension their counties cannot be held liable for failure to supervise or failure to train when they have no personal knowledge of any wrongdoing by any of its officers. It is undisputed that the Sheriffs were not aware that Plaintiff was even in their Jails at the relevant time. They cannot be said to have been deliberately indifferent when they have no knowledge of the problem. Therefore, all claims against the Counties must be dismissed.

**WHEREFORE:** The Court should grant Defendants' Motion for Summary Judgment and Plaintiff should be ordered to pay Defendants' attorney fees and costs under 42 U.S.C. § 1988.

Dated this 12th day of May, 2017.

/s/ *Frank D. Mylar*

---
Frank D. Mylar
Attorney for Davis and Weber Counties

## LIST OF EVIDENCE RELIED UPON

| Document Description | |
|---|---|
| **Affidavit of Davis County Sheriff Todd Richardson** | |
| ▪ Exhibit 1 | Davis County Jail records related to Portia Louder |
| ▪ Exhibit 2 | Davis County Jail Grievance Policy |
| **Affidavit of Weber County Sheriff Terry Thompson** | |
| ▪ Exhibit 3 | Weber County Jail records related to Portia Louder |
| ▪ Exhibit 4 | Weber County Jail Grievance Policy |

## CERTIFICATE OF SERVICE

I certify that on the 12th day of May, 2017, I caused to be mailed, postage pre-paid, an exact copy of **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** to:

Portia Louder
18626−081
Waseca Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1731
Waseca, MN 56093
*Plaintiff Pro Se*

*/s/ Howie Smith*

Howie Smith
MYLAR LAW, P.C.